UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA CHRISTIE,

       Plaintiff,

v.                  CASE NO:  8:12-cv-2603-T-33EAJ

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff
Diana Christie's Unopposed Motion for Award of Attorney's Fees
Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc.
# 25), filed on  September 10, 2014.  Plaintiff is seeking an
award of $1,487.84 in attorney's fees and is not seeking an
award of costs.  For the reasons that follow, the Court grants
the motion.

**A.**    **Eligibility for Award of Fees**

    The Equal Access to Justice Act ("EAJA"), 28 U.S.C. §
2412, requires an award of attorney's fees and costs to any
party prevailing in litigation against the United States,
including proceedings for judicial review of Social Security
Administration Agency action, unless the Court determines that
the position of the United States was substantially justified
or that special circumstances exist and make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. <u>See</u> 28 U.S.C. § 2412(d)(1) and (2).

### 1. <u>Prevailing Party</u>

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 23). "[A] party who wins a sentence-four remand order is a prevailing party." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

### 2. <u>Timely Application</u>

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).  This

requirement has been met here.  As explained by Plaintiff: "This case was remanded upon order of this Court July 11, 2014.  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party has 60 days to file an appeal.  The judgment is final and non-appealable 61 days from July 11, 2014 or on September 10, 2014." (Doc. # 25 at 3).  Thus, the application is timely filed.

### 3.   **Claimant's Net Worth**

Plaintiff's counsel represents to the Court that Christie's net worth was less than $2 million at the time this action was filed (Id. at 1), and the Commissioner does not contest this assertion.  Accordingly, the Court finds this requirement to be satisfied.

### 4.   **Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987).  "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012).  In this case, the Commissioner does not dispute the issue of substantial justification.  Thus, the Court finds that the government's position was not substantially

-3-

justified.

### 5. **No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B. **Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $1,487.84 in attorney's fees, representing 1 hour at an hourly rate of $183.11 in 2012, and 7 hours at the hourly rate of $186.39 in 2013.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

The Court determines the requested hourly rates are appropriate. Here, the proposed hourly rates are $183.11 in 2012, and $186.39 in 2013. The Commissioner does not oppose Plaintiff's proposed hourly rates. Thus, the Court will adopt

the proposed hourly rates.  The Court also determines that 8 hours of attorney time is abundantly reasonable in this case.

**C.**   **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney.  The parties have not supplied the Court with information regarding whether Christie owes a debt to the federal government.  Based upon this open issue, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 25) **GRANTED** as specified herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record